**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PERCY HARRIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M.P. HEFFRON, acting warden,<br><br>　　　　　Respondent. | **Hon. Noel L. Hillman**<br><br>Civil No. 09-5669 (NLH)<br><br>**OPINION** |

**APPEARANCES:**

　　PERCY HARRIS, #13510-067
　　F.C.I. Fort Dix
　　P.O. Box 2000
　　Fort Dix, New Jersey  08640
　　Petitioner Pro Se

**HILLMAN,** District Judge

　　Percy Harris filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence. Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

　　On March 22, 2006, Petitioner entered a plea of guilty in the United States District Court for the Middle District of Pennsylvania to one count of distribution and possession with intent to distribute cocaine hydrochloride and cocaine base and one count of forfeiture.  See United States v. Harris, Crim. No. 05-0481 plea agreem. (M.D. Pa. Mar. 22, 2006).  On September 11,

2006, United States District Judge Christopher C. Conner sentenced Petitioner to a 240-month term of imprisonment.[1]

On May 29, 2007, Petitioner filed a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, arguing that counsel was constitutionally ineffective in failing to file a notice of appeal and allowing Petitioner to waive direct appeal.  See Crim. No. 05-0481 (CCC) at docket entry #84. After conducting an evidentiary hearing, on October 21, 2008, Judge Conner denied the § 2255 motion and a certificate of appealability.  Id. at docket entry #120.

In the meantime, on February 19, 2008, Petitioner filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which Judge Conner denied on May 5, 2008, concluding that Petitioner was ineligible for a reduction because the reduction does not apply in a case in which the offense involved 4.5 kilograms or more of cocaine base.  Id. at docket entry nos. 94, 104.  The United States Court of Appeals for the Third Circuit affirmed on May 28, 2009.  See United States v. Harris, C.A. No. 08-2478 opinion (3d Cir. May 28, 2009).

Petitioner, who is now incarcerated at FCI Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 on November 6,

---

[1] The judgment was amended on September 14, 2006, to reflect the final order of forfeiture.  See Crim. No. 05-0481 (CCC) docket entry #81 (M.D. Pa. Sept. 14, 2006).

2009.[2] Petitioner argues that the government breached the plea agreement by using information regarding drug quantity to increase the guideline range where that information was provided after the plea agreement was signed but prior to sentencing. (Docket entry #1.)

## II. DISCUSSION

### A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[3] See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

---

[2] Petitioner's projected release date is May 10, 2023. See Fed. Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=13510-067&x=82&y=8 (last accessed Jan. 8, 2009).

[3] Specifically, § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for
> (continued...)

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, because Petitioner's claim is of the sort that the sentencing court could have entertained, § 2255 is not inadequate or ineffective for Petitioner's challenge to his detention.  See United States ex rel. Leguillou v. Davis, 212

---

[3](...continued)
   relief by motion pursuant to this section,
   shall not be entertained if it appears that
   the applicant has failed to apply for relief,
   by motion, to the court which sentenced him,
   or that such court has denied him relief,
   unless it also appears that the remedy by
   motion is inadequate or ineffective to test
   the legality of his detention.

28 U.S.C. § 2255(e).

F.2d 681, 684 (3d Cir. 1954).  This Court will therefore dismiss the § 2241 Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                                    /s/ NOEL L. HILLMAN
                                    **NOEL L. HILLMAN, U.S.D.J.**


Dated:   January 11, 2010

At Camden, New Jersey